CALLICUTT *v.* ADAMS.

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Feb. 11, 1946.)

[24 So. (2d) 351. No. 35995.]

Lester G. Fant, of Holly Springs, for appellant.

J. W. T. Falkner, of Oxford, for appellee.

Argued orally by **Lester G. Fant**, for appellant, and by **J. W. T. Falkner**, for appellee.

**McGehee, J.,** delivered the opinion of the court.

The appellee sued to recover the sum of $350 as damages on account of the alleged shooting of twenty of his hogs by the appellant.

The testimony of the plaintiff showed that while looking for the hogs he climbed a tree in the field of the defendant and while there saw him fire a shotgun four times toward a group of hogs and that soon thereafter seven of those in the group were found dead from the shotgun wounds; and that two others of the same group came home and later died as a result of such shooting. A total of seventeen hogs were killed in the field of the

defendant on or about the same date that the plaintiff says he saw the defendant shoot into the particular group hereinbefore mentioned. But there was no proof that the defendant either killed or caused any of the seventeen hogs to be killed other than those that were in the group into which the plaintiff saw him shoot. As to whether a person could kill seven hogs and fatally wound two others by firing four times with a shotgun into a group is a question of fact for the determination of the jury; we wouldn't know.

The proof on behalf of the defendant to contradict the plaintiff's statement that he saw the defendant shoot into this group of hogs is that the defendant was at work on the Kirkwood place some distance from these premises during the entire week, including the date on which the plaintiff testified about.

In this state of the record the Court instructed the jury for the plaintiff, first, that "if you find by a preponderance of the evidence in this case that the defendant . . . killed any hogs belonging to the plaintiff . . . you should find for the plaintiff and assess such damages as you may find by a preponderance to be the value of the hogs so killed by the defendant," and, second, that "if you should find by a preponderance of the evidence in this case that the defendant . . . killed, or caused to be killed, any hogs belonging to the plaintiff . . . , then you should find for the plaintiff and assess such damage as you find from a preponderance of the evidence to be the value of the hogs so killed or caused to be killed by the defendant." The insertion of the words "or caused to be killed" in the second instruction is assigned as error on the ground that it misled the jurors into thinking that even though they should believe that the defendant's alibi was sustained by the proof they would be entitled to find for the plaintiff if the defendant had caused some other person to kill the hogs.

We think that it was error to give this second instruction since it is susceptible of the interpretation above stated, and there was no proof that the defendant

"caused" any hogs to be killed within the common acceptation of that term. And we would reverse the case on account thereof if the verdict of the jury could be said to have covered the value of all the seventeen hogs shown to have been killed, but in view of the fact that the verdict was for only the sum of $135 it seems clear that the jury followed the instruction given on behalf of the defendant to the effect that if after hearng all the evidence the jurors are in doubt as to whether or not the defendant "actually killed the hogs of the plaintiff" they should find for the defendant.

The proof disclosed the weights of the several hogs that were killed, but it fails to show definitely the weights of all those in particular which were seen shot in the group. However, we are unable to say that the evidence fails to show with reasonable certainty their minimum weight, and the plaintiff testified to the effect that they were worth from 12 to 14 cents per pound. The amount of the verdict, when considered in connection with the said instruction for the defendant, would clearly indicate that the jury intended thereby to assess the value of the seven hogs which the plaintiff claims that he actually saw the defendant shoot and the other two which returned home from the group and died later. If the jury had been misled by the erroneous instruction for the plaintiff, the verdict would have been much larger under the proof as to the value of all of the hogs killed. We are, therefore, of the opinion that the judgment should be affirmed.

Affirmed.